**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| Myron K. Stewart, | : | Case No. 3:08 CV 1603 |
| Plaintiff, | : | |
| v. | : | **MAGISTRATE'S REPORT AND RECOMMENDATION** |
| Lucas County Juvenile Court, et al., | : | |
| Defendants. | : | |

This civil rights case, filed pursuant to 42 U. S. C. § 1981 and 42 U.S.C. § 1983, was referred to the undersigned Magistrate for report and recommendation. Pending is Defendant Denise Cubbon's Motion to Dismiss Plaintiff's Second Amended Complaint (Docket No. 34), Plaintiff's Opposition (Docket No. 36) and Defendant Cubbon's Reply (Docket No. 37). For the reasons set forth below, the Magistrate recommends that the Court grant Defendant Cubbon's Motion to Dismiss.

**I. THE PARTIES**

Plaintiff, a black male, was employed by Defendant Juvenile Court from April 2005 to December 10, 2007 (Docket No. 24).

Defendant Cubbon is the Administrative Judge for the Lucas County Juvenile Court. www.co.lucas.oh.us/index.aspx.

## II. FACTUAL BACKGROUND

On or about September 15, 2007, an incident occurred at the Lucas County Juvenile detention facility involving Plaintiff and two other male employees in their official capacity. Plaintiff and two co-workers attempted to both obtain contraband from a juvenile's cell and to physically restrain the disruptive juvenile (Docket No. 24 at ¶s 1 & 2). Subsequently, the juvenile complained of abusive behavior toward him by the Plaintiff. Several inquiries and investigations were conducted which indicated that the Plaintiff was exonerated from any liability (Docket No. 24 at ¶ 3). After some time had elapsed, the other two male employees recanted their initial reports and blamed Plaintiff for the events that transpired during the incident (Docket No. 24 at ¶ 4). Defendant Cubbon discharged Plaintiff for his conduct and/or participation in the September 15th incident.

## III. PROCEDURAL BACKGROUND

Plaintiff filed his initial Complaint on July 2, 2008, naming the Lucas County Juvenile Court as the sole defendant and alleging claims pursuant to 42 U.S.C. §§ 1981 and 1983 as well as the common and statutory laws of the State of Ohio (Docket No. 1). Plaintiff filed a Second Amended Complaint adding Defendant Cubbon as a party on June 12, 2009 (Docket No. 22). Defendant Cubbon was granted leave to file an answer (Docket No. 31). Defendant Cubbon filed a Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(6) (Docket No. 34).

## IV. FED. R. CIV. P. 12(b)(6) STANDARD OF REVIEW

Under FED. R. CIV. P. 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009). While the pleading standard in Rule 8 does not require "detailed factual allegations," it does demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.* (*citing Bell Atlantic*

2

*Corporation v. Twombly*, 127 S. Ct. 1055, 1964 (2007); *Papasan v. Allain*, 106 S. Ct. 2932, 2944 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id*. (*citing Twombly*, 127 S. Ct. at 1964). Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* (*citing Twombly*, 127 S. Ct. at 1966). So, in order to survive a motion to dismiss under FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief can be granted, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. (*citing Twombly*, 127 S. Ct. at 1973). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* (*citing Twombly,* 127 S. Ct. at 1973). The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.* (*citing Twombly*, 127 S. Ct. at 1966) (brackets omitted)).

## V. DISCUSSION

The Magistrate construes the factual allegations and causes of action in Plaintiff's Second Amended Complaint as an assertion of four general causes of action implicating violations of federal and state law. First, Plaintiff relied, to his detriment, on the promise of his supervisor that he was exonerated of any wrongdoing (Docket No. 22, p. 4 of 9, ¶s [3], [4] and p. 6 of 9 - 7 of 9, ¶ [1]a/, b/, c/ & d/). Second, Plaintiff was discharged based on race and gender (Docket No. 22, ¶s [1]a/, b/ & c/, 6 & 7). Third, Defendant Cubbon engaged in a course of conduct that denied Plaintiff due

3

process (Docket No. 22, ¶s 7 & 8). Fourth, Plaintiff was subjected to disparate treatment in his discharge (Docket No. 22, p. 7 of 9, ¶ [1]a/).

Defendant Cubbon argues that Plaintiff's first claim fails as a matter of law. Plaintiff's second claim failed to set forth a plausible cause of action for discrimination predicated on race or gender. In her Reply, Defendant Cubbon contends that Plaintiff's claim that his discharge was in derogation of public policy fails as the underlying discrimination claim fails.

    1.      **PROMISSORY ESTOPPEL CLAIM**

The Magistrate finds that Plaintiff failed to state a claim for promissory estoppel. In Ohio, a claim for promissory estoppel requires plaintiff to plead: 1) a clear and unambiguous promise; 2) reasonable and foreseeable reliance by the party to whom the promise was made; and 3) injury resulting from such reliance. *Faurecia Automotive Seating, Incorporated v. Toledo Tool and Die Company, Incorporated*, 579 F. Supp.2d 967, 973 -974 (N. D. Ohio 2008) (*citing Andersons, Incorporated v. Consolidated, Incorporated,* 348 F.3d 496, 502 (6th Cir. 2003)). To be "clear and unambiguous," the promise cannot be conditional. *Id.* (*citing* Andersons, 185 F. Supp.2d at 840, *aff'd* 348 F. 3d at 496).

Plaintiff does not plead that Defendant Cubbon made an unconditional promise that he was exonerated of any wrongdoing in the 2007 incident. In fact, the factual allegations in Plaintiff's Second Amended Complaint do not plausibly suggest an entitlement to relief under the principles of promissory estoppel since Plaintiff's supervisor, not Defendant Cubbon, allegedly made a promise. Defendant Cubbon is entitled to dismissal of the claim of promissory estoppel claim against her.

2. **WRONGFUL DISCHARGE**.

The gist of Plaintiff's claims is that he was wrongfully discharged on the basis of race and gender discrimination, in violation of 42 U. S. C. § 1981 and OHIO REV. CODE § 4112 *et. seq*., that the discharge was in derogation of public policy and that Plaintiff suffered disparate treatment based on race and gender. Defendant Cubbon asserts that nothing within the alleged facts gives rise to any possible claim for discrimination, much less a plausible claim for discrimination.

a. **WRONGFUL DISCHARGE BASED ON RACE AND GENDER DISCRIMINATION UNDER 42 U. S. C. § 1981.**

Plaintiff is convinced that race and gender were factors in his discharge (Docket No. 22, ¶ 9). Defendant Cubbon argues that these allegations are implausible.

Pursuant to 42 U. S. C. § 1981 (a), all persons within the jurisdiction of the United States shall have the same right in every state and territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other. The reference to making and enforcing contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship. 42 U. S. C. § 1981(b)(Thomson Reuters 2010).

Section 1981 prohibits intentional race discrimination in the making and enforcing of contracts with public and private actors. *Franko v. City of Cleveland*, 654 F. Supp.2d 711, 716 (N. D. Ohio 2009). Section 101 of the Civil Rights Act of 1991, Pub. Law No. 102-166, 105 Stat. 1071 (1991), expands the scope of Section 1981 to encompass racial discrimination during the entire

scope of the contractual relationship, including discrimination in the workplace. *Id.* at 716-717 (*citing Rivers v. Roadway Express*, 114 S. Ct. 1510, 1519 (1994)).

In order to establish a claim for racial discrimination under section 1981, a plaintiff must plead and prove that (1) he or she belongs to an identifiable class of persons who are subject to discrimination based on their race; (2) the defendant intended to discriminate against him or her on the basis of race; and (3) the defendant's discriminatory conduct abridged a right enumerated in Section 1981(a). *Amini v. Oberlin College,* 440 F.3d 350, 358 (6th Cir. 2006) (*citing Christian v. Wal-Mart Stores, Incorporated*, 252 F.3d 862, 871-72 (6th Cir. 2001)). As the district court observed, the "intent" element of the claim can be established either by direct evidence or inferentially. *Blalock v. Metals Trades, Inc.,* 775 F.2d 703, 707 (6th Cir. 1985) (explaining that the direct and circumstantial means of proof are two "different evidentiary paths by which to resolve the ultimate issue of defendant's discriminatory intent").

When a claimant seeks to prove intentional discrimination inferentially in a Section 1981 case, federal courts follow the burden-shifting framework that the Supreme Court has prescribed for analogous civil rights cases described in *McDonnell Douglas v. Green,* 93 S. Ct. 1817 (1973), and *Texas Department of Community Affairs v. Burdine,* 101 S. Ct. 1089 (1981).

It is well settled that Section 1981 redresses only racial discrimination. Accordingly, the Magistrate finds that Plaintiff has not stated a claim under 42 U.S. C. § 1981 for discrimination based on race. Plaintiff belongs to an identifiable class of persons who are subject to discrimination based on their race and he infers that Defendant Cubbon intended to discriminate against him. Plaintiff does not plead that Defendant Cubbon's alleged discriminatory conduct abridged his right to make and enforce contacts, to sue, be a party to litigation or to give evidence. Having failed to

satisfy requirements under Section 1981, Plaintiff's claims for race and gender discrimination under 42 U. S. C. § 1981 must be dismissed.

      **b.**      **WRONGFUL DISCHARGE BASED ON THE DEROGATION PUBLIC POLICY**.

Plaintiff claims wrongful discharge in derogation of public policy. Defendant Cubbon alleges that Plaintiff failed to state a plausible claim for relief; accordingly, dismissal is appropriate.

To maintain a common-law claim of wrongful discharge in violation of public policy, the plaintiff must allege that: (1) a clear public policy existed and was manifested in a state or federal constitution, statute or administrative regulation, or in the common law (the *clarity* element); (2) dismissing employees under circumstances like those involved in the plaintiff's dismissal would jeopardize the public policy (the *jeopardy* element); (3) plaintiff's dismissal was motivated by conduct related to the public policy (the *causation* element); and (4) the employer lacked overriding legitimate business justification for the dismissal (the *overriding justification* element). *Grair v. Ohio Bell Telephone Company,* 2009 WL 2762359, *1-2 (N. D. Ohio 2009) (*citing Collins v. Rizkana*, 73 Ohio St.3d 65, 652 N.E.2d 653, 657-658 (1995) (citations omitted)).

The clarity and jeopardy elements are questions of law to be determined by the court. *Id.* The causation and overriding justification elements are decided by a jury. *Id.* (*citing Collins*, at 658) (citation omitted))  In evaluating the jeopardy element, Ohio law rejects the belt-and-suspenders approach: if existing law already provides remedies sufficient to vindicate the public policy at issue, a plaintiff may not maintain a common-law wrongful discharge claim. *Id.* (*citing Leininger v. Pioneer National Latex,* 115 Ohio St.3d 311, 875 N.E.2d 36, 42 *(*2007*)* ("It is clear that when a statutory scheme contains a full array of remedies, the underlying public policy will not be jeopardized if a common-law claim for wrongful discharge is not recognized based on that policy").

7

Here, the statutory schemes on which the Plaintiff's claim for wrongful discharge based on race and gender is found is in Title VII of the Civil Rights Act, 42 U. S. C. § 1981 and Ohio's discrimination statutes under Chapter 4112 of the OHIO REVISED CODE.  In all of these statutes, adequate remedies to protect the public policy against racial discrimination are provided, including but not limited to any legal or equitable relief that would effectuate the individual's rights, reinstatement, compensation for lost wages and fringe benefits, compensatory and punitive damages. *Id.*  Given the availability of these statutory remedies, the Plaintiff may not maintain an Ohio common-law claim for wrongful discharge in violation of public policy.  Accordingly, Defendant Cubbon is entitled to dismissal of Plaintiff's claim that his discharge violated public policy against her.

## VI.  CONCLUSION

For these reasons, the Magistrate recommends that the Court grant the Motion to Dismiss Plaintiff's Second Amended Complaint.  The parties did not address whether Plaintiff could make a prima facie case of disparate treatment, due process violations or wrongful discharge based on race and gender discrimination under OHIO REV. CODE § 4112.02.  These issues are subject to further disposition by the Court.

/s/ Vernelis K. Armstrong
United States Magistrate Judge

Date:   May 6, 2010

## VII.  NOTICE

Please take notice that as of this date the Magistrate's Report and Recommendation attached hereto has been filed.

Please be advised that, pursuant to Rule 72.3(b) of the Local Rules for this district, the parties have fourteen (14) days after being served in which to file objections to said Report and Recommendation. A party desiring to respond to an objection must do so within fourteen (14) days after the objection has been served.

Please be further advised that the Sixth Circuit Court of Appeals, in *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981) held that failure to file a timely objection to a Magistrate's Report and Recommendation foreclosed appeal to the Court of Appeals. In *Thomas v. Arn*, 106 S. Ct. 466 (1985), the Supreme Court upheld that authority of the Court of Appeals to condition the right of appeal on the filing of timely objections to a Report and Recommendation.