IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Myron K. Stewart,                                                    Case No. 3:08 CV 1603

            Plaintiff,                                           MEMORANDUM OPINION
                                                                     AND ORDER
      -vs-
                                                                     JUDGE JACK ZOUHARY
Lucas County Juvenile Court, et al.,

            Defendants.

**INTRODUCTION**

Plaintiff has poorly pled his case. In his Second Amended Complaint (Doc. No. 22), Plaintiff avoids setting forth a specific claim based on federal law, and in so doing, has pled himself out of this Court's jurisdiction.

The parties in this case consented to the jurisdiction of the Magistrate Judge. Defendant Denise Cubbon, the administrative judge for the Lucas County Juvenile Court, was added as a Defendant in the Second Amended Complaint. She filed a Motion to Dismiss (Doc. No. 34), to which Plaintiff filed an Opposition (Doc. No. 36), and then Defendant Cubbon filed a Reply (Doc. No. 37). The Magistrate issued a Report and Recommendation (R&R), recommending this Court grant the Motion to Dismiss, but noting that claims of "disparate treatment, due process violations [and] wrongful discharge based on race and gender discrimination under Ohio Rev. Code § 4112.02" remain (Doc. No. 38). Defendant Cubbon filed a timely Objection (Doc. No. 39), which Plaintiff has not opposed.

In accordance with *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981) and 28 U.S.C. § 636(b)(1)(B) & (C), this Court has reviewed the Magistrate's findings de novo. For the following reasons, this Court lacks jurisdiction, the R&R is not adopted, and this case is dismissed.

## JURISDICTION

This Court lacks jurisdiction to hear this case. This Court has an independent obligation to assure itself that subject matter jurisdiction exists. *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d 604, 606-07 (6th Cir. 1998). All parties are Ohio citizens, and there is thus no diversity jurisdiction under 28 U.S.C. § 1332. Also, though the Second Amended Complaint purports to invoke federal question jurisdiction under 28 U.S.C. § 1331, it does not contain any claims based on federal statutory or constitutional law.

The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint rule," which at its core provides that a federal question must appear facially in the plaintiff's properly pled complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). The Supreme Court has repeatedly held that in order for federal question jurisdiction to exist, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank*, 299 U.S. 109, 112 (1936). The Second Amended Complaint describes claims based on state law, with only a passing reference to federal statutes in its "Jurisdiction" section. This passing reference is not sufficient to confer federal jurisdiction.

The "Jurisdiction" section states: "Jurisdiction is pursuant to 28 U.S.C. section 1343(a)(3) and section 1331 and per U.S.C. 1981 and 1983 and per the common law and statutory law of the State of Ohio as per O.R.C. 4112.01 et. seq and as amended and O.R.C. 4199.01 et seq and as amended."

(Similar to the federal statutes, these passing references to the Ohio Revised Code are left hanging, with no specific claims based on these statutes.) This section is followed by sections describing the "Parties," "Factual Allegations," and lastly, "State Claims" which contains two claims -- promissory estoppel and wrongful discharge in derogation of public policy. The Second Amended Complaint contains no section for "Federal Claims."

Plaintiff is not *pro se*, but is represented by counsel. Plaintiff's pleadings therefore are not entitled to the liberal construction given to *pro se* pleadings. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982). Yet the R&R generously "construe[d] the factual allegations and causes of action in Plaintiff's Second Amended Complaint as an assertion of four general causes of action implicating violations of federal and state law. First, [promissory estoppel], . . . . Second, Plaintiff was discharged based on race and gender . . . . Third, Defendant Cubbon engaged in a course of conduct that denied Plaintiff due process . . . . Fourth, Plaintiff was subjected to disparate treatment in his discharge" (Doc. No. 38, p. 3-4) (internal citations omitted). However, the "Claims" in the Second Amended Complaint were limited to promissory estoppel and wrongful discharge in derogation of public policy, both arising under Ohio law. *See Andersons, Inc. v. Consolidated, Inc.*, 348 F.3d 496, 502 (6th Cir. 2003) (describing elements of promissory estoppel under Ohio law); *Collins v. Rizkana*, 73 Ohio St. 3d 65 (1995) (public policy claim).

The R&R conjured federal claims from isolated phrases located in the "Factual Allegations" section. The Second Amended Complaint nowhere discusses federal claims. *See* Federal Civil Rule 8(a)(1) (requiring a "a short and plain statement of the claim showing that the pleader is entitled to relief" to plead a claim); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (complaint must "contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face"); *Bell*

3

*Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (complaint must contain more than "labels and conclusions" or "a formulaic recitation of the elements of the cause of action"). Here, there is at best a passing reference to a federal violation, but nothing more -- no "label," no "recitation of the elements" of a federal cause of action, no explanation at all -- let alone a "formulaic recitation." *See Palnik v. Westlake Entm't, Inc.*, 344 F. App'x 249, 251 (6th Cir. 2009) (applying *Twombly* to whether a complaint sufficiently alleged personal jurisdiction).

## CONCLUSION

Therefore, because the Second Amended Complaint contains only state law-based claims, there is no federal question jurisdiction and this case is dismissed.

IT IS SO ORDERED.

                                               s/ *Jack Zouhary*
                                               JACK ZOUHARY
                                               U. S. DISTRICT JUDGE

                                               August 23, 2010